UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAINT TORRANCE,            Case No. 1:08-cv-74

     Plaintiff,                  Dlott, J.
                                  Black, M.J.
vs.

DECISION ONE MORTGAGE
COMPANY, LLC, *et al.*,

     Defendants.


**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTIONS TO DISMISS (Docs. 9, 25, & 27) BE GRANTED, AND THIS CASE CLOSED.**

Plaintiff initiated this action on February 1, 2008 by filing a *pro se* complaint against defendants Decision One Mortgage Company, LLC, Brookline Home Loans, Saxon Mortgage Company Services, Inc, and Franklin Credit Management Corporation alleging violations of various Ohio consumer protection statutes, violations of the Truth-in-Lending Act ("TILA"), violations of the Americans with Disabilities Act ("ADA"), fraud and misrepresentation, conversion, and breach of fiduciary duty. (Doc. 1.)

Now before the Court are defendants' motions to dismiss the complaint for failure to state a claim upon relief can be granted (Docs. 9, 25, 27 ) and the parties' responsive memoranda (Docs.11, 12, 29, 30).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I.

According to the complaint and accompanying exhibits, plaintiff procured financing to purchase real property located in Cincinnati, Ohio through Brookline Home Loans ("Brookline"), a mortgage loan broker located in Cincinnati, in early 2007. The financing consisted of two promissory notes executed by plaintiff on February 28, 2007, copies of which are attached to his complaint as exhibits.

The first note was in the original principal amount of $131,200.00 ("the first note") and the second note was for $32,800.00 ("the second note"). The originating lender for both notes was Decision One Mortgage Company, LLC ("Decision One"). The terms of the first note provide for a prepayment charge and a fixed interest rate of 9.00%. The interest rate for the second note is fixed at 10.74%. No prepayment charges are associated with the second note.

Saxon Mortgage Company Services, Inc. ("Saxon") eventually purchased the first note from Decision One, and Franklin Credit Mortgage Company ("FCMC") purchased the second note from Decision One. Plaintiff has attached what appear to be copies of statutorily mandated disclosure forms for each of the two notes to his complaint as exhibits. (Doc. 1, Exs. 4, 8) Both the disclosure statement and the face of the second note call for monthly payments of $305.94 over a 15-year term, with the first payment to be made On April 1, 2007.

The complaint further reflects that plaintiff became unhappy with the terms of the financing and that he attempted to refinance with a company named Ace Mortgage, but

Ace Mortgage would not agree to refinance the loan. (Doc. p. 4, ¶10.) After being denied refinancing, plaintiff contacted Saxon to complain about the loan terms (*Id*. at ¶11.) Plaintiff also filed a complaint with the Ohio Attorney General's office describing his discontent with the loan and the inability to refinance it with Ace Mortgage. (Doc. 1, Ex."7".)

On February 1, 2008, plaintiff filed the instant action against Decision One, Brookline, Saxon, and FCMC. The complaint alleges violations of various Ohio consumer protection statutes, violations of the Truth-in-Lending Act ("TILA"), violations of the Americans with Disabilities Act ("ADA"), fraud, misrepresentation, conversion, and breach of fiduciary duty. Plaintiff seeks millions of dollars in damages.

## II.

In ruling on a motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because plaintiff brings this case *pro se*, the Court construes the allegations liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). Indeed, "a pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences,"

*Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

## III.

As noted above, plaintiff's complaint appears to allege that defendants Brookline Homes, and Decision One violated Ohio law and the Truth in Lending Act by failing to disclose that the loans contained interest only and/or balloon payments. Plaintiff further asserts that defendants' actions relating to the loans violated the Americans with Disabilities Act ("ADA").[2]

The Truth in Lending Act ("TILA") enumerates a laundry list of disclosures required for closed-end credit transactions such as the second note at issue in this case. *See* 12 C.F.R. § 226, et seq. This list includes such items as the name of the lender, the finance charge for the amount borrowed, the annual percentage rate, a payment schedule requirement, and other information. 12 C.F.R. § 226.18.

Here, the loan documentation submitted by plaintiff in support of his complaint undermines his conclusory allegations of wrongdoing.[3]

---

[2] Decision One maintains that the court lacks personal jurisdiction over Decision One because it has never been properly served. Decision One asserts that plaintiff failed to effect service of process because mail by a party without return receipt does not effect service of process, and plaintiff mailed only the summons and an incomplete copy of the complaint to Decision One.

[3] The Court may consider the Truth-In-Lending Disclosure Statements because "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

The first note, dated February 28, 2007, for a loan in the amount of $131,200.00, states that plaintiff "will pay interest at a yearly rate of 9.00%"; that "payment will be for interest only for the first 60 months, and then will consist of principal and interest"; that payment will be due "on the 1ST day of each month beginning on APRIL 1, 2007"; and that the monthly payment will be $984.00 for the first 60 months" and "thereafter will be" $1101.03. The document shows plaintiff's signature agreeing to these terms, and he does not deny that he agreed to them at the time of closing.

Furthermore, plaintiff admits that "Brookline Home Loans also explain too me about this 'Interest Only' loan more n [sic] detail be explaining to me this is what happen you would have to pay on this loan interest only for about 3, 5 years and then reapply and you would be in the negative, to receive a refinance from any lender." (Doc. 1, Complaint ¶12). Thus, from his own allegations, plaintiff understood that his payments would be interest-only for the first three or five years.

Moreover, the second note in the amount of $32,800.00, also bears plaintiff's signature. In that note, plaintiff agreed to a 10.74% interest rate; that he "will pay principal and interest by making payments each month" "on the 1ST day of each month beginning on APRIL 1, 2007" in the amount of $305.94; and that if any money is still owed "on MARCH 1, 2022," he "will pay all those amounts, in full, on that date." Plaintiff does not deny that he agreed to these terms at closing. The Truth-In-Lending Disclosure attached to the complaint conforms with the second note, showing an annual percentage rate of 10.9428%, with $305.94 to be paid monthly for 179 "commencing

04-01-07" and a final payment of $27,611.76 on March 1, 2022. Further, plaintiff signed a Balloon Payment Rider to Note, which provided additional notification to plaintiff – in bold, all-capital letters – that the second note/mortgage included a balloon payment. (*See* Doc. 9, Ex. C.)

Thus, the required disclosures were presented to plaintiff, as evidenced by the exhibits attached to his complaint. Plaintiff's purported dissatisfaction with the agreed upon terms of the loan fails to state a claim upon which relief may be granted under TILA. Accordingly, plaintiff's TILA claims are properly dismissed.

Plaintiff further asserts that defendants' conduct violated the Americans with Disabilities Act ("ADA"). Broadly, the ADA prevents discrimination and promotes equal opportunity for disabled persons in employment, governmental services, public accommodations, commercial facilities and transportation. 42 U.S.C. § 12101, *et seq*.

Plaintiff, however, asserts nothing more than a bare allegation of disability. In fact, plaintiff completely fails to allege how his disability is connected to any adverse treatment from any of the defendants. Therefore, plaintiff's ADA claims must be dismissed. *See Williams v. First Merit Bank*, 2005 WL 2416933 (N.D. Ohio 2005) (*pro se* plaintiff who alleged that he was denied a loan on the basis of his disability failed to state a claim under the ADA when his complaint merely alleged that he "was on disability.") Here, as in *Williams*, plaintiff has provided no facts that, even if taken as true, would be sufficient to support an ADA claim against the defendants.

Finally, plaintiff's state law claims are also properly dismissed.[4] Under 28 U.S.C. § 1367(c)(3), the district court has the discretion to dismiss claims over which it has supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. *Dobbs-Weinstein v. Vanderbilt Univ.,* 185 F.3d 542, 546 (6th Cir. 1999), *cert. denied,* 529 U.S. 1019 (2000). The Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal question claims are dismissed before trial. *See Gaff v. Federal Deposit Ins. Corp.,* 814 F.2d 311, 319 (6th Cir. 1987) (*citing United Mine Workers v. Gibbs,* 383 U.S. 715 (1966)); *see also Wolotsky v. Huhn,* 960 F.2d 1331, 1338 (6th Cir. 1992) ("Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits.").

Accordingly, in light of the recommendation that plaintiff's federal claims should be dismissed, it is further recommended that plaintiff's state law claims should be dismissed without prejudice.

In sum, upon careful review, it appears that plaintiff became dissatisfied when he attempted to refinance his loans. However, the loan documents submitted by plaintiff show that defendants were compliant with applicable Federal and State law cited by plaintiff in his complaint.

---

[4] Plaintiff's complaint also alleges claims for fraud, conversion, misrepresentation, breach of fiduciary duty, as well as claims under Ohio Rev. Code Ann. 1322, 1345, 1349.

# IV.

Accordingly, for the forgoing reasons, the undersigned concludes that plaintiff's complaint fails to state a claim upon which relief can be granted. **IT IS THEREFORE RECOMMENDED THAT** defendants' motion to dismiss (Docs. 9, 25, 27) be **GRANTED;** and all pending motions be **DENIED as MOOT**.

Moreover, although defendant Brookline Home Loans has not sought dismissal of the complaint, it is manifest that plaintiff's claims against it must fail for the same reasons that plaintiff cannot succeed against defendants Decision One, Franklin, and Saxon. Under these circumstances, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of the moving defendants." *Silverton v. Department of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Muhammad v. State of Louisiana*, 2000 WL 1511181, at *4, 6 (E.D. La. Oct. 6, 2000); *Lesher v. Lavrich*, 632 F.Supp. 77, 84 (N.D. Ohio 1984) (citing *Silverton*).

Thus, it is further **RECOMMENDED** that plaintiff's claims against all defendants be dismissed, and that this case be **TERMINATED in toto**.

**IT IS SO RECOMMENDED.**

Date: November 10, 2008                                    s/Timothy S. Black
                                                           Timothy S. Black
                                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAINT TORRANCE,            Case No. 1:08-cv-74

    Plaintiff,                Dlott, J.
                               Black, M.J.
  vs.

DECISION ONE MORTGAGE
COMPANY, LLC, *et al.*,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).